**Paulus Cheripto USMAN, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.

No. 04–4054–ag.

United States Court of Appeals, Second Circuit.

Nov. 21, 2005.

Ronald S. Salomon, New York, New York, for Appellant.

Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, Robert A. Zauzmer, Assistant United States Attorney Paul Mansfield, Assistant United States Attorney, Philadelphia, Pennsylvania, for Appellee.

PRESENT: HON. PIERRE N. LEVAL, HON. CHESTER J. STRAUB, and HON. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Paulus Usman, through counsel, petitions for review of the BIA decision denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the underlying facts and procedural history.

The IJ determined that Usman did not suffer past persecution based on the facts presented at Usman's hearing and in his asylum application. JA at 35. An IJ's application of the particular facts to the legal definition of persecution is reviewed *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). This Court has previously explained that "persecution must rise above mere harassment, but it is

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

not limited to threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category." *Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004).

 The facts in this case are undisputed, but the established facts do not demonstrate that Usman was in fact persecuted in Indonesia on account of one of the enumerated grounds. First, Usman was unable to confirm that the incidents of harassment he faced in Indonesia were because of his ethnicity or his religion. He often indicated that the incidents of harassment and assault were only performed against individuals of Chinese descent, but there is no evidence that this was the real motivation of his attackers. Furthermore, Usman did not present any evidence that any of the harassment or crimes Usman faced were performed by the government or a group of individuals that the government could not control.

Moreover, the individual incidents Usman experienced do not rise to the level of persecution. The incidents recounted can be described merely as harassment. Although Usman was the victim of crime on a couple of occasions, Usman was never a victim of physical abuse or violence or any other incident that can be considered persecution. The State Department Report recounts the horrific riots in Jakarta, but Usman was not in Jakarta when any of those riots took place. Therefore, a de novo review of the facts supports the IJ's finding that Usman did not suffer past persecution in Indonesia.

This Court reviews the IJ's factual findings regarding whether an individual has a well-founded fear of persecution under the substantial evidence standard. As such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,* 331 F.3d at 307.

In this case, the IJ's determination that Usman did not have a well-founded fear of persecution is supported by the record as a whole. In order to prove that an alien has a well-founded fear of persecution, an alien must show that he or she has an objective and subjective fear of returning to his or her home country. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2003). Although Usman may fear returning to Indonesia, there is no evidence in the record that Usman's fear is objective. Usman did not present any evidence that the situation in Indonesia today justifies his fear of persecution. Moreover, the fact that his entire family, including his wife and children, still live in Indonesia supports the IJ's finding that he does not have the level of fear required to grant asylum.

Accordingly, the petition is petition is denied, and the outstanding motion for stay of removal is denied.